UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,

    Plaintiff,

v.

3 Entertainment Group LLC d/b/a
WKND Hang Suite,

    Defendant.

Civil Case No. _____

## COMPLAINT

NOW COMES Plaintiff, Educational Credit Management Corporation ("ECMC"), seeking relief against 3 Entertainment Group LLC d/b/a WKND Hang Suite (the "Defendant"), and alleging as follows:

### PARTIES

1. ECMC is a private, non-profit Minnesota corporation and guaranty agency and, pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410 (b)(9), has the authority to pursue this lawsuit.

2. Defendant is doing business at 1703 Church Street, Nashville, Tennessee 37203.

### JURISDICTION

3. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R. § 682.410(b)(9)(i)(P).

### VENUE

4. Because Defendant is doing business in Nashville, Davidson County, Tennessee venue for this action is proper in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391(c).

**FACTUAL ALLEGATIONS**

5. Under Title IV, Part B, of the Higher Education Act of 1965 ("HEA"), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to finance eligible students' post-secondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary of Education pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. *See* 20 U.S.C. § 1078(a) & (c). This program is presently known as the Federal Family Education Loan Program ("FFELP").

6. To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. *See* 20 U.S.C. § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C. § 1078(c)(2). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C. § 1078(c)(2)(D).

7. To assist the Secretary and the guaranty agencies in collecting defaulted student loans, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a. This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the

agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C. § 1095a(a), (b); 34 C.F.R. § 682.410(b)(9). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C. § 1095(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(P).

8. ECMC is a guaranty agency under the FFELP.

9. Candace Harrison ("Borrower") owes a student loan debt to ECMC that is in default.

10. Borrower is employed by Defendant.

11. As Borrower's employer, Defendant pays at least minimum wage to Borrower.

12. On May 10, 2018, ECMC served Borrower with the required thirty (30) day Notice Prior to Wage Withholding (the "Withholding Notice"). A true and correct copy of the Withholding Notice is attached as Exhibit A.

13. Because no hearing was requested under 20 U.S.C. § 1095a(a)(5)(b), ECMC issued a Withholding Order on June 14, 2018 (the "Withholding Order") to Defendant. A true and correct copy of the Withholding Order is attached as Exhibit B.

14. No representative or officer of Defendant contacted ECMC regarding the Withholding Order, and Defendant did not remit any of Borrower's wages in accordance with the Withholding Order. As a result, ECMC sent Defendant a second notice on July 30, 2018 requesting compliance with the Withholding Order (the "Notice"). A true and correct copy of the Notice is attached as Exhibit C.

15. Defendant failed to respond to the Notice. As a result, on December 4, 2018, ECMC sent Defendant a letter (the "Letter") demanding compliance with the Withholding Order. A true and correct copy of the Letter is attached as Exhibit D.

16. In response to the Letter, Defendant contacted ECMC to discuss compliance with the Withholding Order; however, as of the date of this Complaint, Defendant has, at all relevant times, refused to comply with the Withholding Order.

17. On February 25, 2019, counsel for ECMC mailed Defendant a letter (the "Demand") demanding compliance with the Withholding Order. A true and correct copy of the Demand is attached as Exhibit E.

18. A representative of Defendant, who identified herself as Adrian Granderson, responded to the Demand on or about March 12, 2019 stating Borrower was a server for Defendant who worked as an independent contractor and was no longer employed by Defendant.

19. ECMC subsequently, through counsel, requested additional information in support of Defendant's claim that Borrower was an independent contractor and no longer employed by Defendant; however, as of the date of this Complaint, Defendant has not responded to the requests.

20. Defendant has, at all relevant times, failed and refused to comply with the Withholding Order or provide sufficient credible evidence that it is not required to comply with the Withholding Order.

## VIOLATION OF 20 U.S.C. § 1095a

21. Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as ECMC, may administratively garnish up to fifteen percent (15%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to a borrower's employer.

22. Because Defendant has failed to comply with the Withholding Order, Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the Withholding Order.

23. The amount due to ECMC is fifteen percent (15%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this Court enters judgment.

24. Pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is entitled to its attorneys' fees and costs associated with pursuing this action and, in this Court's discretion, punitive damages.

## INJUNCTION

25. Based on Defendant's continuing refusal to comply with the terms of the Withholding Order, ECMC seeks a mandatory injunction requiring Defendant to withhold and remit fifteen percent (15%) of Borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until Borrower's student loan debt is paid in full or Borrower's employment with Defendant ceases, whichever occurs earlier.

26. ECMC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by Defendant and, thus, is entitled to injunctive relief in addition to damages for Defendant's past violations.

WHEREFORE, ECMC respectfully requests this Court grant ECMC:

1. An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to ECMC until Borrower's defaulted student loan debt is either paid in full or she no longer works for Defendant;

2. Damages in the amount that Defendant should have withheld from Borrower's wages;

3. Attorneys' fees and costs;

4. Punitive damages;

5. Pre- and post-judgment interest on this amount, as allowed by law; and,

6. Such other relief as the Court deems appropriate.

Respectfully submitted,

FROST BROWN TODD LLC

*s/ Benjamin M. Katz*
Benjamin M. Katz (BPR #33671)
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Telephone: 615-251-5550
Facsimile: 615-251-5551
Email: bkatz@fbtlaw.com

*Attorneys for Educational Credit Management Corporation*